COLUMBIA DEPARTMENT STORE, INC., Respondent, v. LANDER COMPANY, INC., and Another, Appellants.

Supreme Court, Appellate Term, Second Department, October 19, 1931.

*Solomon S. Leff,* for the appellants.

*Weinstien & Levinson,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellants, and complaint dismissed, with appropriate costs in the court below. When the defendant marshal levied on the property, it did not belong to this plaintiff. Neither could the so-called trustees assert title against the other defendant, the judgment creditor. The evidence conclusively establishes that there was no intention on the part of any one executing the instrument that the provisions of the Debtor and Creditor Law should control the distribution of the estate. The language of the instrument shows that the parties intended that in the discretion of the trustees named therein sales could be had either privately or publicly and on such terms and conditions as the trustees might approve. From the instrument was stricken out the language that required the conversion of the assets into cash. Shortly after its execution by their own conduct the parties interpreted the instrument. That interpretation shows the trustees were authorized to extend credit. Under such circumstances, the instrument would not have been valid as a common-law trust by a debtor for his creditors. (*Nicholson* v. *Leavitt,* 6 N. Y. 510; *Dunham* v. *Waterman,* 17 id. 9.) Much is said in the respondent's brief as to the efficacy of so-called voluntary trusts in favor of creditors, but it was because of the abuses that arose under such voluntary trusts that our statutes governing assignments by debtors were adopted. One of the abuses was that attempted here, namely, extending of credit by trustees.

The instrument in this case cannot be considered as an assignment under the statute. The parties did not so intend it, and clearly the purpose was to take it out of the control of the Debtor and Creditor Law and deprive the court of supervision of sales, etc. Sales by assignees who fail to give bonds are prohibited by statute (Debtor & Creditor Law, § 6, as amd. by Laws of 1914, chap. 360). Here the so-called trustees sold without giving a bond. It cannot be assumed that they were acting contrary to law. It must be found, as appears from the testimony of counsel for the creditors' committee, they acted as they did because they believed discretion was vested in them by the instrument of assignment. Since the judgment debtor was insolvent and had no assets after the alleged assignment, the judgment creditor had a right to enforce the judgment against the assets of the debtor. (*Chautauque County Bank* v. *Risley,* 19 N. Y. 369; Debtor & Creditor Law, § 273.)